**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISAIAH RODDY JR.,

      Plaintiff,

v.                                                                                     No. CV 10-0646 LH/CG

THE CORNELL MEDICAL SERVICES OF THE
REGIONAL CORRECTIONAL CENTER,

      Defendants.

**ORDER TO FILE A *MARTINEZ* REPORT**

Isaiah Roddy Jr. ('Plaintiff') filed a lawsuit asserting claims under 42 U.S.C. § 1983 against Defendant Cornell Medical Services ('CMS'), which provides medical care for inmates incarcerated in the Regional Correctional Center ('RCC') in Albuquerque, New Mexico. (Doc. 1 at 1). This matter is before this Court now, *sua ponte*, to order Cornell Medical Services to file a *Martinez* report.

The alleged events giving rise to this lawsuit occurred while Plaintiff was incarcerated at the RCC. (*Id*. at 2-4). Plaintiff has since been released from the RCC and is living in a half-way house. (Doc. 12). Plaintiff claims that, during his initial medical screening at RCC, he informed Defendant CMS that he had recently missed an appointment for both a prostate biopsy and a CT Urogram and that new appointments needed to be made for both procedures. (Doc. 1 at 4). Plaintiff alleges that Defendant took no steps to make such appointments despite repeated requests. (*Id*. at 4-7). Plaintiff also claims that Defendant failed to provide prescribed medication in a timely fashion or at all. (*Id*. at 5). As relief, Plaintiff seeks compensatory and punitive damages. (*Id*. at 8).

Defendant CMS answered the complaint but has not filed any dispositive motions. (*See* Doc. 14). Among other defenses, CMS asserts that it is not a proper party to Plaintiff's suit and that Plaintiff has failed to comply with the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e. (*Id.* at 2-3).

The purpose of a *Martinez* report is to "develop a record sufficient to ascertain whether there are any factual or legal bases for the prisoner's claims." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th. Cir. 1991) (citing *Martinez v. Aaron*, 570 F.2d 317, 318-19 (10th Cir. 1978)). This Court may order a defendant to investigate the incident or incidents underlying a lawsuit and to submit a report in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *See, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* report may be used in a variety of contexts, including motions for summary judgment or a *sua ponte* entry of summary judgment. When a *Martinez* report is used for summary judgment purposes, the *pro se* Plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

Wherefore, to assist the Court in evaluating Plaintiff's claims in this matter,

**IT IS HEREBY ORDERED THAT:**

1. Defendant shall prepare a *Martinez* report addressing the claims raised in Plaintiff's *Civil Rights Complaint* (Doc. 1) by:

    a. Setting forth the facts needed to resolve the claims including, but not limited to: the names of any persons who dealt directly with Plaintiff with regard to the medical treatment that is the subject of his complaint, or who witnessed or made decisions with regard to such treatment; whether any records or documents exist pertaining to such treatment and, if so, a description of those records and documents and their contents; and whether any contracts, policies, procedures, protocols, laws, or regulations address such medical treatment and, if so, a description of those contracts, policies, procedures, protocols,

        laws, or regulations and their contents.

   b.   Providing copies of all records and documents pertaining to the medical treatment or matters referred to in the foregoing sub-paragraph a. Such records shall include, but are not limited to, Plaintiff's medical records during the period of his incarceration at RCC, and any records in Defendant's possession relating to Plaintiff's medical treatment at the University of New Mexico Hospital or any other medical facility prior to his incarceration at the RCC. (*See* Doc. 9)

   c.   Providing affidavits in support of the report, if necessary; and

   d.   Providing a copy of the administrative grievance procedure for inmate complaints about medical treatment that was in effect at the RCC during the relevant time period in Plaintiff's Complaint and copies of all records and documents pertaining to Plaintiff's exhaustion of prison administrative remedies with respect to his claims.

2.   The records and documents submitted with the report may be submitted simultaneously with the report, but the submission of documents alone, or documents submitted with an index but without an accompanying report, shall not be considered in compliance with this Order.

3.   The Court is aware of the potential sensitivity of the materials that may be contained in corrections files and that there may be valid reasons for keeping confidential some of the contents of such files. Therefore, Defendant may redact confidential portions of the report, or any records submitted with the report, provided that he also file a memorandum setting forth any objections he might have to Plaintiff being permitted to review the redacted portions of the report, records, or documents. If Defendant does not submit such a memorandum, Plaintiff shall be permitted to review the contents of the report and the records and documents submitted with the report. Defendant's memorandum, if any, shall be served on the Plaintiff, who shall have fourteen days after the date of service of the memorandum to file and serve a response to the memorandum. The Court will review the Defendant's memorandum, if any, and any responses filed by Plaintiff, to determine whether the redacted portions of the report, records, or documents should be disclosed to Plaintiff. If necessary, the Court will review the redacted portions of the report, records, or documents in camera before making its determination.

4.   All records and documents submitted with the report must be submitted with an index. The index must identify each record and document submitted by number, and each record and document must be marked with a tab or label showing its number. Additionally, the report and each record and document

      submitted with the report must have its pages numbered using Bates stamps, or a similar numbering system.

5.     A complete copy of the report must be provided to chambers, in addition to the copies that are filed with the Court and served on Plaintiff.

6.     Defendant shall file the *Martinez* report on or before November 23, 2010.

7.     Plaintiff shall file and serve his response to the *Martinez* report on or before December 21, 2010.

8.     Defendant shall file and serve his reply, if any, to Plaintiff's responses on or before January 4, 2011.

**THE PARTIES ARE HEREBY GIVEN NOTICE** that the *Martinez* report may be used in deciding whether to grant summary judgment on Plaintiff's claims, whether by motion or *sua ponte*; as such, the parties should submit whatever materials they consider relevant to Plaintiff's claims. *See Hall*, 935 F.2d at 1106.

_____
CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE